IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LOURDES LLARENA,**

       **Plaintiff,**

**vs.**                                                **4:06CV172-MMP/AK**

**CECIL SEAY, et al,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a complaint asserting indecipherable claims against a number of policemen, Hillary Rodham Clinton, and others. (Doc. 1). She has neither paid the filing fee nor submitted a motion for leave to proceed in forma pauperis. Ms. Llarena is a familiar litigant in this Court, as evidenced by the attached list of cases she has filed in this district. (Exhibit A).

As recited in the Report and Recommendations filed in Case No. 4:04CV3-RH/WCS (doc. 7), she is also a frequent filer in other courts across the nation. (Exhibit B). As with her other cases, this action should be summarily dismissed pursuant to Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) and Fed. R. Civ. P. 12(b)(6).

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized two types of cases which may be dismissed, *sua sponte*. In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless." *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit. Within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990)(citing Neitzke). This case is wholly indecipherable and appears to fit both such categories such that *sua sponte* dismissal is appropriate.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint (doc. 1) be **DISMISSED,** without service as frivolous and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this 13th day of July, 2006.

/s/ Allan Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

# Select A Case

**This person is a party in 14 cases.**

| | | | |
|---|---|---|---|
| 4:00-cv-00392-WS | LLARENA v. FIRST UNION BANK | filed 10/19/00 | closed 12/22/00 |
| 4:01-cv-00225-SPM | LLARENA v. BUSH | filed 06/08/01 | closed 08/09/01 |
| 4:02-cv-00155-WS | LLARENA v. FIRST UNION BANK, et al | filed 05/02/02 | closed 06/17/02 |
| 4:02-cv-00305-WS | LLARENA v. STATE OF FLORIDA, et al | filed 09/05/02 | closed 10/11/02 |
| 4:03-cv-00005-WS | LLARENA v. BUSH, et al | filed 01/06/03 | closed 04/11/03 |
| 4:03-cv-00213-SPM | LLARENA v. STATE OF FLORIDA, et al | filed 06/30/03 | closed 12/23/03 |
| 4:03-cv-00406-RH-WCS | LLARENA v. STATE OF FLORIDA et al | filed 12/18/03 | closed 02/23/04 |
| 4:04-cv-00003-RH-WCS | LLARENA v. STATE OF FLORIDA | filed 01/06/04 | closed 03/09/04 |
| 4:04-cv-00117-SPM-AK | LLARENA v. STATE OF FLORIDA DIVISION OF CORPORATIONS et al | filed 04/20/04 | closed 06/10/04 |
| 4:06-cv-00087-RH-WCS | LLARENA v. BUSH et al | filed 02/21/06 | closed 05/31/06 |
| 4:06-cv-00102-WS-AK | LLARENA v. SHERRILL | filed 02/28/06 | closed 05/16/06 |
| 4:06-cv-00172-MP-AK | LLARENA v. SEAY et al | filed 04/10/06 | |

A

| 4:96-cv-00448-WS | LLARENA v. CHILES, et al | filed 10/11/96 | closed 01/21/97 |
| 4:98-cv-00304-RH | LLARENA v. NELSON, et al | filed 09/04/98 | closed 12/03/98 |

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LOURDES P. LLARENA,

       **Plaintiff,**

vs.                                              **Case No.: 4:04cv3-RH/WCS**

THE STATE OF FLORIDA,
DIVISION OF INSURANCE
FRAUD, et al.,

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a frequent litigator in this Court, has filed yet another complaint concerning allegations of insurance fraud. Plaintiff is also a frequent litigator in other federal courts across the nation. See *Llarena v. Gelber*, No. 3:95-CV-2525-T (N.D.Tex. Dec. 15, 1995) (summarily dismissed without service); *Llarena v. Gelber*, No. 95-5053, 1995 WL 791565 (D.C. Cir. Dec. 7, 1995) (appeal dismissed as frivolous); *Llarena v. Fort Worth Texas Federal Jail, et al.*, No. 3:96-CV-1899-T (N.D.Tex. Sept. 13, 1996) (summarily dismissed without service); *Llarena v. Archer, et al.*, No. 3:97- CV-1960-R (N.D.Tex. Nov. 13, 1997) (dismissed without service pursuant to 28 U.S.C. § 1915(e)

B

and Plaintiff barred from filing any further civil lawsuits IFP without first obtaining leave of court); *Llarena v. Lentzach, et al.*, No. 3:97-CV-2064-T (N.D. Tex. April 23, 1998) (summarily dismissed without service for lack of subject matter jurisdiction); *Llarena v. Baylor Hospital & Medical Center University, et al*, No. 3:99-CV-2561-P (N.D.Tex. March 7, 2000) (dismissed without service for want of prosecution); *Llarena v. Womble*, 1990 WL 165738 (S.D.N.Y., Oct 18, 1990); *Llarena v. Borcia*, 1999 WL 652020 (N.D.Ill., Aug. 20, 1999); as well as the following appeals: *Llarena v. Runyon*, 1995 WL 225139 (D.C.Cir., Mar. 14, 1995); *Llarena v. Sarokin*, 1995 WL 791570 (D.C.Cir., Dec. 7, 1995); *Llarena v. Kemper Nat. Ins. Co.*, 62 F.3d 424, 1995 WL 479012 (Table, Text in WESTLAW) (D.C.Cir., July 13, 1995); *Llarena v. Freeh*, 70 F.3d 638, 1995 WL 650231 (Table, Text in WESTLAW) (D.C.Cir., Oct. 23, 1995); *Llarena v. Trump*, 1996 WL 135167 (D.C.Cir., Feb. 6, 1996); *Llarena v. Carvajal*, 1996 WL 135131 (D.C.Cir., Feb. 6, 1996). Plaintiff has previously been barred from filing lawsuits without payment of the filing fee as a result of her litigation efforts. *See Llarena v. Archer*, No. 3:997-CV-1960-R (N.D.Tex. Nov. 13, 1997); *Llarena v. Sentry Ins. Co.*, 2001 WL 1029506, *1 (N.D.Tex. Aug 21, 2001).

It is worth noting that Plaintiff has filed the following cases in this Court alone:

| Case # | Parties: | Date Filed: |
| --- | --- | --- |
| 4:96-cv-00448-WS | Llarena v. Chiles, et al. | filed 10/11/96 |
| 4:98-cv-00304-RH | Llarena v. Nelson, et al. | filed 09/04/98 |
| 4:00-cv-00392-WS | Llarena v. First Union Bank | filed 10/19/00 |
| 4:01-cv-00225-SPM | Llarena v. Bush | filed 06/08/01 |
| 4:02-cv-00155-WS | Llarena v. First Union Bank, et al. | filed 05/02/02 |

Case No.: 4:04cv03-RH/WCS

Case 4:06-cv-00172-MP-AK   Document 3   Filed 07/13/06   Page 7 of 8
Case 4:04-cv-00003-RH-WCS   Document 7   Filed 01/20/2004   Page 3 of 4

Page 3 of 4

| 4:02-cv-00305-WS | Llarena v. State of Florida, et al. | filed 09/05/02 |
| 4:03-cv-00005-WS | Llarena v. Bush, et al. | filed 01/06/03 |
| 4:03-cv-00213-SPM | Llarena v. State of Florida, et al. | filed 06/30/03 |
| 4:03-cv-00406-RH | Llarena v. State of Florida, et al | filed 12/18/03 |

Not one of the above cases has been comprehensible or viable. All were dismissed prior to service as frivolous. This case should be similarly dismissed because those factual contentions that are legible are baseless and removed from reality.

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)).[1] Neitzke recognized two types of cases which may be dismissed, *sua sponte*: (1) "claim(s) based on an indisputably meritless legal theory," and (2) "claims whose factual contentions are clearly baseless." *Id.* This case is so uncomprehensible that it appears to fit both of those two categories and, thus, *sua sponte* dismissal is appropriate.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous, and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2004.

s/ **William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) in 1996.

Case No.: 4:04cv03-RH/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No.: 4:04cv03-RH/WCS